```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MARY JONES, | Civil Action No. 08-5772(NLH) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION & ORDER** |
| HOUSING AUTHORITY FOR THE CITY OF CAMDEN, MARIA MARQUEZ, as Executive Director of the Housing Authority of the City City of Camden, and LAURIE LYNARD, individually and as Director of Section 8 and Occupancy of the City of Camden, | |
| Defendants. | |

**APPEARANCES:**

Sonia Bell, Esquire
South Jersey Legal Services, Inc.
745 Market Street
Camden, New Jersey 08102

    Attorney for plaintiff

Steven A. Ragland, Esquire
Office of General Counsel
Housing Authority of the City of Camden
2021 Watson Street
Second Floor
Camden, NJ 08103

    Attorney for defendants

**HILLMAN**, District Judge

    This matter having come before the Court on plaintiff's motion for default judgment against all defendants, and defendants' motion to vacate the Clerk's entry of default; and

    On November 22, 2008, plaintiff having filed her complaint against defendants for their alleged violation of the United

States Housing Act of 1937, 42 U.S.C. 1437, et seq., the regulations promulgated thereunder at 24 C.F.R. Part 982, and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution; and

Plaintiff specifically alleging that defendants improperly terminated her participation in the Section 8 Housing Choice Voucher Program, which caused her to become homeless for several days and suffer numerous other damages; and

On May 4, 2009, plaintiff requesting an extension of time in which to effect service on the defendants because her three attempts to serve them had been unsuccessful[1]; and

The Court having granted plaintiff's request and ordering plaintiff to effect service within 20 days; and

Plaintiff having thereafter engaged a professional process server,[2] and on May 29, 2009, plaintiff having filed an affidavit of service as to all defendants; and

At plaintiff's request, on July 29, 2009, the Clerk having entered default as to the defendants for their failure to timely

---

[1]According to plaintiff, she attempted to (1) directly serve opposing counsel, (2) directly serve the Office for the General Counsel for the Housing Authority, and (3) mail the summons and complaint to the general counsel's office with a waiver of service form.  The first two attempts were refused, and plaintiff's mailing was ignored.  She also attempted to reach opposing counsel via telephone on numerous occasions, but her calls were not taken and her messages were not returned.  (See Docket No. 5.)

[2]Plaintiff is proceeding *in forma pauperis*.

respond to plaintiff's complaint; and

On January 28, 2010, plaintiff having filed the instant motion for default judgment[3] against defendants, wherein she is seeking, <u>inter alia</u>, that defendants immediately reinstate her to the Section 8 Housing Choice Voucher Program; and

On March 5, 2010, defendants having filed a motion to vacate the Clerk's entry of default; and

Defendants contending that plaintiff's process server did not actually serve them, as evidenced by the inaccurate physical descriptions of the persons served and the incorrect address for service,[4] as well as the fact that plaintiff has not provided any evidence as to service upon Laurie Lynard, who defendants represent has retired and no longer works for the Housing

---

[3]Under Federal Civil Procedure Rule 55, obtaining a default judgment is a two-step process.  First, when a defendant has failed to plead or otherwise respond, a plaintiff may request the entry of default by the Clerk of the Court.  Fed. R. Civ. P. 55(a).  After the Clerk has entered the party's default, a plaintiff may then obtain a judgment by default by either (1) asking the Clerk to enter judgment, if the judgment is a sum certain, or (2) applying to the Court.  Fed. R. Civ. P. 55(b).

[4]Apparently, the process server reported that he made service onto defendant Maria Marquez at 114 Boyd Street in Camden, which is the address of the Housing Authority.  Marquez claims that she does not work at that location and she does not fit the description of the woman who accepted service.  Similarly, the process server reported that he made service onto Gloria Wright, General Counsel, via Elba Rodriguez at 2021 Watson Street in Camden, which is the location of the Housing Authority's general counsel's office.  Ms. Wright claims that she was not served, she does not fit the description of the person served, and Ms. Rodriguez is not her employee.  (See Docket No. 9.)

Authority; and

Defendants therefore requesting that the Court vacate the Clerk's entry of default because they were not required to respond since they had not been properly served; and

Defendants further contending that plaintiff's representation that she properly served defendants as a basis for default and default judgment constitutes fraud on the Court; and

Plaintiff vehemently objecting that she has perpetrated any fraud on the Court, and instead arguing that defendants have been conducting themselves in bad faith; and

The Court recognizing that it is a plaintiff's duty to properly effect service onto a defendant, particularly when that plaintiff moves for default, see Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950) ("An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."); and

The Court also recognizing that no default can be entered without a defendant being served properly, see Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985) ("A default judgment entered when there has been no proper service of the complaint is, a fortiori, void, and should be set aside."); but

4

The Court further recognizing that a defendant cannot actively thwart a plaintiff's service attempts and then use non-service as a sword to prevent plaintiff from prosecuting her case, see Pena v. Reid-Provident Laboratories, Inc., 1990 WL 33152, *3 (D.N.J. 1990) (citing Lovelace v. Acme Markets, Inc., 820 F.2d 81, 84 (3d Cir.), cert. denied, 484 U.S. 965 (1987) (quoting 128 Cong. Rec. H-9848, 9850, daily ed. Dec. 15, 1982, reprinted in 1982 U.S. Code Cong. and Admin. News 4434, 4444) (explaining that the legislative history of the federal service rules includes only one example of a good cause for failing to serve within the 120-day period: when the defendant intentionally avoids the service of process); however,

In this case, the Court finding that plaintiff has not met her burden of proving defendants have been properly served[5] such that they can be held to be in default or subject to a default judgment lodged against them[6], see Gottlieb v. Sandia American

---

[5]Fed. R. Civ. P. 4(j) provides that service on the local government is effected "in the manner prescribed by that state's law for serving a summons or like process on such a defendant." N.J. Ct. R. 4.4-4 provides that service upon other public bodies is effected "by serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on the presiding officer or on the clerk or secretary thereof." Plaintiff has not provided evidence that she has complied with this rule as to any of the three defendants.

[6]Moreover, when considering an application for entry of a default judgment under Rule 55(b)(2), the Court is "required to exercise 'sound judicial discretion' in deciding whether the judgment should be entered [and] '[t]his element of discretion makes it clear that the party making the request is not entitled

Corp., 452 F.2d 510, 513 (3d Cir. 1971) (providing that the burden of demonstrating proper service of process lies on the plaintiff); Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1304 (3d Cir. 1995) (explaining that a default judgment cannot be entered on a complaint that has not been validly served);

Therefore,

IT IS HEREBY on this 14th day of April, 2010

ORDERED that plaintiff's motion for default judgment [8] is DENIED; and it is further

ORDERED that defendants' motion to set aside default [9] is GRANTED; and it is further

ORDERED that the Clerk of the Court shall vacate the July 29, 2009 entry of default; and it is further

ORDERED that plaintiff shall have 30 days to effect proper service upon defendants by "serving a copy of the summons and complaint in the manner prescribed by subparagraph (a)(1) of [N.J. Ct. R. 4:4-4] on the presiding officer or on the clerk or secretary thereof"; and it is further

---

to a default judgment as of right, even when defendant is technically in default and that fact has been noted under Rule 55(a),'" Franklin v. National Maritime Union of America, (MEBA/NMU), Civ. No. 91-480, 1991 WL 131182, *1 (D.N.J. July 16, 1991) (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure* § 2685 (1983)).  Even though by virtue of defendant's default, every "well-plead allegation" of the complaint, except those relating to damages, are deemed admitted, Comdyne I. Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990), plaintiff has not otherwise articulated the substantive legal basis for a finding in her favor.

6

ORDERED that defendants shall not undertake any deliberate actions to avoid plaintiff's service.


Camden, New Jersey                    s/ Noel L. Hillman
                                     NOEL L. HILLMAN, U.S.D.J.