```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

| | | |
|---|---|---|
| MARY JONES, | : | Civil Action No. 08-5772(NLH) |
| Plaintiff, | : | |
| v. | : | **ORDER** |
| HOUSING AUTHORITY FOR THE CITY OF CAMDEN, MARIA MARQUEZ, as Executive Director of the Housing Authority of the City City of Camden, and LAURIE LYNARD, individually and as Director of Section 8 and Occupancy of the City of Camden, | : | |
| Defendants. | : | |

**APPEARANCES:**

Sonia Bell, Esquire
South Jersey Legal Services, Inc.
745 Market Street
Camden, New Jersey 08102

    Attorney for plaintiff

Steven A. Ragland, Esquire
Office of General Counsel
Housing Authority of the City of Camden
2021 Watson Street
Second Floor
Camden, NJ 08103

    Attorney for defendants

**HILLMAN**, District Judge

    This matter having come before the Court on defendants' motion to dismiss plaintiff's complaint for her failure to serve the complaint within the time prescribed by the Federal Rules and by Order of this Court; and

    Previously, the Court having vacated the Clerk's entry of

default as to defendants because plaintiff failed to prove that she properly effected service; and

The Court having provided plaintiff with 30 additional days to serve defendants because it appeared that defendants were actively thwarting plaintiff's service attempts, and then using non-service as a sword to prevent plaintiff from prosecuting her case; but

It appearing that plaintiff has not filed any proof of service since the Court's April 14, 2010 Order; and

Defendants now moving to dismiss plaintiff's complaint for her failure to properly serve them within the 120 days allowed by Fed. R. Civ. P. 4(m) or within the additional 30 days allowed by the Court[1]; but

Considering that plaintiff's complaint concerns defendants' alleged violations of her right to public housing and her constitutional rights[2], and considering that defendants have hindered plaintiff's counsel in her efforts to comply with the most basic, yet imperative, procedural steps in prosecuting a

---

[1] Plaintiff filed her case on November 22, 2008; thus, the four months provided by the Rules to effect service have long-since expired.  It has now been over two months since the Court allowed plaintiff 30 additional days to properly effect service and to file proof of that service on the docket.

[2] Plaintiff's complaint contains allegations of defendants' violation of the United States Housing Act of 1937, 42 U.S.C. 1437, et seq., the regulations promulgated thereunder at 24 C.F.R. Part 982, and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

case; but

Also considering that plaintiff's counsel must still comply with the Federal Rules and this Court's Orders;

IT IS HEREBY on this 29th day of June, 2010

ORDERED that defendants' motion to dismiss [15] is DENIED; and it is further

ORDERED that plaintiff shall have 10 days to provide proof that proper service has been effected on defendants; and it is further

ORDERED that if plaintiff fails to file such proof of service within 10 days of this Order, her complaint will be dismissed without prejudice and the Clerk of the Court shall mark the matter as CLOSED.


Camden, New Jersey                    s/ Noel L. Hillman
                                      NOEL L. HILLMAN, U.S.D.J.